IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** :

    **v.** : **CRIMINAL NO. 25-453**

**CLIFT A. SEFERLIS** :

### O R D E R

AND NOW, this ____ day of _____, 2025, upon consideration of the Government's Motion to Impound Exhibits 1 through 20 to its Change of Plea Memorandum, it is hereby **ORDERED** that this Order and the government's motion to impound are sealed and impounded until further Order of the Court.

The Court enters this Order because, although there is a public right of access to judicial materials, the government has set forth a compelling need for sealing Exhibits 1 through 20 to its Change of Plea Memorandum. Specifically, the Court finds that unsealing of Exhibits 1 through 20 may present a threat of imminent harm to the identified victims of the defendant's crimes: namely, the Jewish institutions and individuals referenced in the Information and the Change of Plea Memorandum, and that the government's filing appropriately seeks sealing only of information which presents that threat.

BY THE COURT:

_____
HONORABLE MARK A. KEARNEY
*Senior Judge, United States District Court*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | CRIMINAL NO. 25-453 |
| **CLIFT A. SEFERLIS** | : | |

### GOVERNMENT'S MOTION TO IMPOUND
### EXHIBITS 1 THROUGH 20 TO ITS CHANGE OF PLEA MEMORANDUM

The United States of America, by and through its attorneys, David D. Metcalf, United States Attorney in and for the Eastern District of Pennsylvania, and Mark B. Dubnoff, Assistant United States Attorney for the District, moves to impound Exhibits 1 through 20 to the Government's Change of Plea Memorandum, and in support of its Motion states as follows.

As explained in the government's change of plea memorandum, defendant Clift A. Seferlis intends to plead guilty to an Information charging him with 17 counts of mailing threatening communications, in violation of 18 U.S.C. § 876(c), and 8 counts of intentionally obstructing, by threat of force, including threat of force against religious real property, another person's enjoyment of that person's free exercise of religion, in violation of 18 U.S.C. § 247(a)(2). The charges arise from evidence that from at least March 1, 2024, through at least June 3, 2025, the defendant used the United States mails to transmit at least 40 letters and at least two postcards to more than 25 Jewish organizations and entities located in Pennsylvania, Maryland, Virginia, Washington, D.C., and Massachusetts, which contained hateful and/or threatening messages, including threats to destroy buildings and injure individuals.

Twenty of those mailings are specifically referenced in the Information, although the names and addresses of Seferlis's victims are omitted from the Information to maintain the

victims' privacy and protect them from possible harassment and retaliation. The government is providing the Court and counsel with copies of all 20 mailings for the purpose of proving that there is a factual basis for the Court to accept Seferlis's anticipated guilty plea. There is, however, a compelling public interest that would be served by continuing to protect their privacy.

There is a public right of access to judicial documents in a criminal case, both under the First Amendment, *see, e.g.*, *United States v. Thomas*, 905 F.3d 276, 282 (3d Cir. 2018) (plea documents); *In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts*, 913 F.2d 89, 95 (3d Cir. 1990) (transcripts of chambers and sidebar conferences); *United States v. Smith*, 776 F.2d 1104, 1112 (3d Cir. 1985) (indictments, informations, and bills of particulars), and under the common law, *see, e.g.*, *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) ("judicial proceedings and records"); *United States v. Smith*, 776 F.2d 1104, 1110 (3d Cir. 1985) ("The common law right of access is not limited to evidence, but rather encompasses all 'judicial records and documents' . . . . It includes 'transcripts, evidence, pleadings, and other materials submitted by litigants'") (citations omitted); *United States v. Criden*, 648 F.2d 814 (3d Cir. 1981) (videotapes submitted in evidence).

"A 'judicial record' is a document that 'has been filed with the court . . . or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings.' . . . Once a document becomes a judicial record, a presumption of access attaches." *In re Avandia Mktg.*, 924 F.3d at 672 (quoting *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001)).

To justify sealing of a document under either standard, a similar rule applies. Under the First Amendment, strict scrutiny applies. "A district court sealing a criminal record must make 'particularized findings . . . on the record in each case, (1) establishing the existence of a

compelling governmental interest, and (2) demonstrating that absent limited restrictions upon the right of access, that other interest would be substantially impaired.'" *Thomas*, 905 F.3d at 282 (quoting *United States v. Antar*, 38 F.3d 1348, 1359 (3d Cir. 1994)).

Likewise, to overcome the common law right and presumption of access, a party moving to seal a judicial document must show "that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted). To overcome that strong presumption, the Court must articulate the compelling interest to be protected and make specific findings on the record concerning the effects of disclosure. *In re Avandia Mktg.*, 924 F.3d at 672-73 (citing *In re Cendant Corp.*, 260 F.3d at 194).

Application of these standards warrants the sealing of Exhibits 1 through 20 to the government's Change of Plea memorandum. Public disclosure of those exhibits presents a substantial risk of harm to the victims and perhaps to others related to or associated with them. Title 18, United States Code, Sections 3771(a)(1) and (8) provides that crime victims have the right "to be reasonably protected from the accused" and to be treated "with respect for the victim's dignity and privacy." These rights would best be served by impounding Exhibits 1 through 20 to protect Seferlis's victims from possible harassment and/or retaliation by people sympathetic to Seferlis. The government has a profound interest in protecting the security of the victims and in assuring that in the future, other recipients of threatening mailings are not deterred from reporting such activity to federal law enforcement officers.

- 5 -

Accordingly, the government respectfully requests that the government's motion to impound Exhibits 1 through 20 to its change of plea memorandum, be granted.

DAVID METCALF
United States Attorney


 */s Mark B. Dubnoff*
MARK B. DUBNOFF
Assistant United States Attorney

- 6 -

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this Change of Plea Memorandum has been served on the Filing User identified below by email:

Maggie Grasso, Esq.<br>
Law Office of Margaret M. Grasso<br>
325 Chestnut Street<br>
Suite 800<br>
Philadelphia, PA 19106

*/s Mark B. Dubnoff*
MARK B. DUBNOFF
Assistant United States Attorney

DATED:  <u>November 10, 2025.</u>